522 F.2d 728
 17 UCC Rep.Serv. 1077
 KELTON MOTORS, INC. and R. A. McQuaide Milk Transportation
Co., Inc., Plaintiffs,
v.
The PHOENIX OF HARTFORD INSURANCE COMPANIES, and Franklin
County Trust Company, Defendants.
The PHOENIX OF HARTFORD INSURANCE COMPANIES, Third-Party Plaintiff,
v.
Willard D. COBB and Franklin County Trust Company,
Third-Party Defendants.
FRANKLIN COUNTY TRUST COMPANY, Fourth-Party Plaintiff-Appellant,
v.
Willard D. COBB and Leon Cobb, Individually and d/b/a Econo
Car Rental Center and Cobb's Car Company, Inc.,
Fourth-Party Defendants,
Leon Cobb, Fourth-Party Defendant-Appellee.
 Nos. 110 to 112, Dockets 73-1951, 73-2257, 73-2272.
 United States Court of Appeals,
Second Circuit.
 Submitted Sept. 5, 1975.
Decided Sept. 22, 1975.
 
 F. Elliott Barber, Jr., Brattleboro, Vt., for fourth-party plaintiff-appellant.
 No appearance for fourth-party defendant-appellee.
 Before KAUFMAN, Chief Judge, and MULLIGAN and GURFEIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by the Franklin County Trust Company from a judgment of the United States District Court for the District of Vermont, James S. Holden, Chief Judge, which held that appellee Leon Cobb was not liable to the bank by reason of his having deposited in the account of his partnership at the bank a check which bore a forged endorsement.
 
 
 2
 Willard D. Cobb in the course of his operation of the Taylor Insurance Agency in Brattleboro, Vermont, received a check dated March 27, 1968, in the amount of $13,750, issued by The Phoenix of Hartford Insurance Companies ("Phoenix") and payable to the order of R. A. McQuaide Milk Transport ("McQuaide"). The check was issued in payment of a property loss incurred by McQuaide under a policy issued by Phoenix through the Taylor Agency. Appellee Leon Cobb had no connection with or interest in the Taylor Insurance Agency. Willard D. Cobb, without authorization from the payee, fraudulently endorsed the instrument in the name of the payee. He then added his own endorsement "For deposit only Franklin County Trust Co., Willard D. Cobb."
 
 
 3
 Willard Cobb left the check with his brother Leon Cobb and requested him to deposit it in the bank for collection. Leon Cobb deposited the check in the Franklin County Trust Company as the initial deposit to a new account entitled "Econo Car Rental Center," a partnership that had been formed recently by the two brothers. The proceeds of the check were subsequently withdrawn from the partnership account by checks and paid to Willard Cobb for his own use. Franklin County Trust Company was adjudged liable to the drawer of the check. Franklin County Trust Company then brought a fourth-party action against Willard Cobb and Leon Cobb, the appellee. Willard admitted his liability.
 
 
 4
 The District Court found that the wrongful act of Willard Cobb in forging the endorsement on the check was not committed in the course of the partnership business, and that Leon Cobb had acted in good faith and was not liable to the bank. We are constrained to reverse.
 
 
 5
 Section 4-207(2) of the Uniform Commercial Code (UCC), Vt.Stat.Ann. tit. 9A, § 4-207(2), provides that each "customer" of a bank "who transfers an item and receives a settlement or other consideration for it" warrants to the bank that "he has good title to the item." Section 4-104 of the UCC defines customer as "any person having an account with a bank," § 1-201(30) defines " person" to include any "organization" and § 1-201(28) in turn defines " organization" to include a partnership. The partnership "Econo Car Rental Center" was the customer which deposited the check in the partnership account. That partnership was credited with the amount of the check. The partnership thus became liable to the bank under § 4-207(2) on its warranty that it had good title to the check. It did not have good title because of the forged endorsement.
 
 
 6
 Leon Cobb was a member of the Econo Car Rental partnership. He is therefore liable for the partnership debts under Vt.Stat.Ann. tit. 11, § 1207. The partnership debt arose from its breach of warranty to the bank. That warranty was a partnership warranty and a member of the partnership cannot escape liability even if some of the partners did not participate in the swindle. It is too bad that Leon was swindled by his brother Willard, but as between two innocent parties the bank, under the UCC, must prevail over brother Leon.
 
 
 7
 The judgment of the District Court is reversed and the case is remanded with instructions to enter judgment for Franklin County Trust Company to recover of Leon Cobb the sum of $13,750, together with interest and costs.